Ruffin, C. J.
 

 As the case is understood, the purchase money was made up of the $6 paid by the wife pending the petition, and of
 
 th&
 
 wages of the infant children, earned in Coffin’s service, pending the petition, or, at all events, prior to the making of the deed. That being established affirmatively, and no evidence being given of any other mode in which the wife paid for the land, it would seem that it was left to the Jury to find that some part of the
 
 *209
 
 price >vas paid by her out of her subsequent acquisitions, without any evidence on which it could be so found. But, if this were otherwise, the Court is of opinion the instruction is still erroneous. It is true, that regarding the husband’s interest in the land, as a trust, resulting from the purchase being made with his privity, and partly with his money, and partly with his wife’s, and especially if it was a covinous contrivance against his creditors, the creditors would be compelled to go into a Court of Equity for relief, and could not sell the land by execution at law, either under the Statute of Elizabeth, or the Act of 1812.
 
 Page
 
 v Goodman, decided at this term, 8 Ire. Eq. But, although the wife’s legal estate is not divested by the sale, as it would be,
 
 if the
 
 trust were liable to execution, it is to be enquired, whether, considering the land as the wife’s, in law, the husband, by virtue of his marital rights, had not an estate therein, as tenant by the curtesy, which passed by the Sheriff’s sale, made prior to the Act of 1848, c. 41, The Court is of opinion that he had, and that the lessor of the plaintiff acquired that estate, though he did not the fee. The only objection to that is, that, by virtue of the decree, the wife held this land to her own use exclusively, and the husband had no dominion over it, and it was not subject to his debts, because she acquired it after the decree. That, also, would be true, if this be her subsequent acquisition, in the sense of the Statute. But it seems clearly not to be. For, when the act, and the decree founded on it, secure to the wife such property as she may, thereafter, get by her own industry, or may accrue to her by gift, descent, or in any other manner, they certainly do not mean such property as she may derive from the husband himself. The purpose is, to exclude him from the power of wasting what the wife gains with her own hands, or is bestowed, on her by the bounty of friends, or cast on her by law. It was
 
 *210
 
 riot intended that he might endow her, directly, or indirectly, so afe to exclude Ids marital rights iu lands of his owii provision for her, ahd thereby defeat his creditors. Such
 
 k
 
 C&sé is not within the purview of the Act, at ail.
 
 It
 
 Was fiever supposed that, such a husband should have lands to Convey, or money to pay for them to other persons, who should convey them to his wife ; and it
 
 seems
 
 to ba a palpable fraud On this Statute, for him to supply the means of making the purchase, and then take the conveyance in her name, so as
 
 to
 
 give it the false appearance of an acquisition by her own means alone, or by the bounty of a friend. If, then, this purchase was made by the $6, paid by the wife, pending the petition, which was, in law, the husband’s mo-bey, and Ihé Wages earned by the infant children during the same period, which also, in law, belonged to the father, it Would be
 
 k
 
 Case of fraud on the law, and the decree Would not ekempt the land from the marital rights of the husband, and the creditors attaching to it, in the same 'manher as IF tto 'such decree existed. ' That is supposed, iñ th'é instructions, to be the law, if the'whole consideration tooVed from the husband ; but it was laid down to be Otherwise, if any part of it, however small, Were got by the Wife after the decree. That, however, cannot be correct, since the advance 'of a trivial sum, merely to give color to the transaction, cannot purge the falsehood and fraud really existing. But, in truth, the case need not, in the Opinion Of the Court, go to that extent. For, according to the policy and true meaning of the Act, all pecuniary dealings between the husband 'and wife are not the less invalid, than they wefe at common laW, as they tend, obvio'üály, tó 'evade the Act, and, in matters of fraud, e'vfefy evasion Of the law is a violation of the law. These parties cannot deal with each other, nor can they deal together with othet persons, so as to invest property convoyed to
 
 *211
 
 the wife, with the protection of the decree, and make it her separate legal property, to the exclusion of the husband, and the defeating of his creditors. It is not essential to the lessors of the plaintiff, therefore, that the balance of the purchase money should have been paid out of the wages earned by the children before the decree. It is the same, even, if they were earned afterwards. For, although, the Act produces the somewhat strange anomaly of a wife’$ living with her husband, and, at the same time being independent of him, as to her personal occupations, and entitled, exclusively, to all she can make, it does not go the length of making her the head of the family, to all intents, so as to entitle her to rule and dispose of the infant children, and take the profits of their labor, also; but they still belong to the father. And the Court holds, that it is, likewise, the same, if the proportions of the price paid by the husband and wife are so unequal, as to constitute the purchase substantially the husband’s, as being made with his means, while the advance by the wife must, from its small amount, be regarded as colorable, and evince the intent to evade the Act, by covering a gratuity of the husband under the semblance of an acquisition of her own, and by. means of her own. Such a case is out of the Act altogether; and, therefore, the instructions were erroneous, and the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Pee Cuiuam. Judgment reversed and
 
 Venire de nova
 
 awarded.